LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
Taimur Alamgir (TA 9007)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

MICHELLE SNAGG,
*on behalf of herself,*
*FLSA Collective Plaintiffs*
*and the Class,*

        Plaintiff,

        v.

BIRCH FAMILY SERVICES, INC.
and MATTHEW STURIALE,

        Defendants.

Case No:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

---

      Plaintiff MICHELLE SNAGG ("Plaintiff"), on behalf of herself and others similarly situated, by and through her undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants BIRCH FAMILY SERVICES, INC. (the "Corporate Defendant"), and MATTHEW STURIALE (the "Individual Defendant," and collectively with the Corporate Defendant, "Defendants") and states as follows:

## INTRODUCTION

    1.    Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C.

§§201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid regular and overtime wages due to a policy of requiring uncompensated off-the-clock work, (2) liquidated damages, and (3) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid regular and overtime wages due to a policy of requiring uncompensated off-the-clock work, (2) statutory penalties, (3) liquidated damages and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4. Original jurisdiction also exists over all claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this case is a putative class action in which: (1) there are 100 or more members in the proposed class, (2) at least some members of the proposed class have a different citizenship from Defendants, and (3) the claims of the proposed Class Members exceed $5,000,000.00 in aggregate.

5. Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

6. Plaintiff, MICHELLE SNAGG, for all relevant time periods, was a resident of Queens County, New York.

7. Corporate Defendant BIRCH FAMILY SERVICES, INC. is a domestic not-for-profit corporation organized under the laws of the State of New York with an address for service of process at Birch Family Services, Inc., ATTN: Chief Executive Officer, 104 West 29th Street, 3rd Floor,

New York, NY 10001, and a corporate headquarters located at 104 West 29th Street, 3rd Floor, New York, NY 10001.

8. Individual Defendant MATTHEW STURIALE is the President and Chief Executive Officer of Corporate Defendant BIRCH FAMILY SERVICES, INC. Defendant STURIALE exercises operational control as it relates to all employees including Plaintiff, FLSA Collective Plaintiffs and the Class. Defendant STURIALE exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, FLSA Collective Plaintiffs and the Class. At all times, employees could complain to Defendant STURIALE directly regarding any of the terms of their employment, and Defendant STURIALE would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees.

9. Defendant BIRCH FAMILY SERVICES, INC. provides a variety of social services to developmentally disabled individuals throughout New York City. Relevant to this lawsuit, BIRCH FAMILY SERVICES, INC. operates group homes for developmentally disabled individuals that provide residents (*inter alia*) 24-hour care and nursing, psychiatric, and therapeutic services, at locations in Queens, Manhattan, and Brooklyn, including (but not limited to):

    (a)     122-15 Irwin Place, Jamaica, NY 11434;

    (b)     137-31 80th Street, Howard Beach, NY 11414;

    (c)     9 President Street, Far Rockaway, NY 11691;

    (d)     667 Grassmere Terrace, Far Rockaway, NY 11691;

(e) 10-02 Gipson Street, Far Rockaway, NY 11691;

(f) 550 West 162nd Street, New York, NY 10032;

(g) 569 West 183rd Street, New York, NY 10033;

(h) 550 West 148th Street, New York, NY 10031;

(i) 525 West 149th Street, New York, NY 10031;

(j) 954 52nd Street, Brooklyn, NY 11219;

(k) 418 Grove Street, Unit B, Brooklyn, NY 11237;

(l) 1321 East 94th Street, Brooklyn, NY 11236;

(m) 1561-1565 East 45th Street, Brooklyn, NY 11234; and

(n) 10583 Flatlands 6th Street, Brooklyn, NY 11236.

(collectively, including any locations not specified above, the "Group Homes").

10. Defendants operate the Group Homes as a single integrated enterprise for purposes of the FLSA and NYLL. The Group Homes are engaged in related activities, share common ownership and have a common business purpose. Specific facts demonstrating that Defendants operate the Group Homes as a single integrated enterprise include:

(a) Each of the properties used as a Group Home is owned by Defendant BIRCH FAMILY SERVICES, INC.

(b) BIRCH FAMILY SERVICES, INC. maintains a central corporate headquarters at 104 West 29th Street, 3rd Floor, New York, NY 10001 through which the Group Homes are collectively operated and administered.

(c) The Group Homes share common management and corporate executive leadership. As President and CEO of BIRCH FAMILY SERVICES, INC.,

4

        Defendant MATTHEW STURIALE possesses ultimate authority over all aspects of the operation of each Group Home.

(d)     The Group Homes are collectively advertised online on the website maintained by BIRCH FAMILY SERVICES, INC., at the following URL http://www.birchfamilyservices.org/residential.html.

(e)     Events at the Group Homes involving residents and staff are publicly advertised on the Twitter social media page maintained by BIRCH FAMILY SERVICES, INC.

(f)     Non-exempt employees are interchangeable among the Group Homes, and are frequently transferred between the Group Homes by Defendants on an as-needed basis. BIRCH FAMILY SERVICES, INC. frequently runs advertisements for vacant employment positions at the Group Homes that explicitly state that one requirement of the position advertised is to travel between Group Homes, and perform work at multiple Group Homes.

(g)     The Group Homes maintain centralized labor relations and human resources, and a single payroll system for employees at all facilities.

11.     At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

13.     Although Plaintiff did not work at each of Defendants' Group Homes, all the Group Homes are appropriately named in this Complaint. Because the Group Homes share identical illegal wage and hour policies, they are properly named on the basis of their outstanding

liability to the Class members for whom Plaintiff seeks to represent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all current and former non-exempt employees (including but not limited to direct support professionals and shift supervisors) employed by Defendants at the Group Homes on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

15. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them for all regular and overtime hours worked due to a requirement that they perform work off-the-clock without compensation.

16. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

17. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all current and former non-exempt employees (including but not limited to direct support professionals and shift supervisors) employed by Defendants at the

Group Homes on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

18. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member may also be determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

19. The proposed Class is so numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

20. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief, that would be sought by each member of the Class in separate actions. All the Class members were subject to Defendants' corporate practices of (i) requiring uncompensated off-the-clock work to be performed, and (ii) failing to provide wage-and-hour notices and wage statements that were in compliance with requirements of the NYLL. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

21. Plaintiff is able to fairly and adequately protect the interests of the Class and has

no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation, and have previously represented plaintiffs in wage and hour cases.

22. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

23. Defendants and other employers throughout the state violate the New York Labor Law with impunity. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

24. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

(a) Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

(b) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

(c) At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class Members for their work;

(d) Whether Defendants provided to Plaintiff and Class Members proper wage-and-hour notices, including all the information required to be included on wage-and-hour notices, upon hiring and upon any change thereafter in the information on the wage notice, in accordance with NYLL § 195.1;

(e) Whether Defendants provided to Plaintiff and Class Members proper wage statements, including all the information required to be included on wage statements, with each payment of wages, in accordance with NYLL §

       195.3; and

(f)     Whether Defendants required Plaintiff and Class Members to clock out and perform unpaid off-the-clock work, resulting in a deprivation of regular and overtime compensation.

## STATEMENT OF FACTS

25.     In or around June 2017, Plaintiff MICHELLE SNAGG was hired by BIRCH FAMILY SERVICES, INC. as a direct support professional at the Group Home located at 122-15 Irwin Place, Jamaica, NY 11434. Plaintiff remains employed in the above-referenced position as of the date of the filing of this Complaint.

26.     Throughout her employment period, Plaintiff has worked, at the very least, 3 shifts per week, each lasting approximately 9 hours, for a total of approximately 27 total working hours per week. In addition, during her employment period, Defendants have, on an as needed basis, required Plaintiff to work longer shifts (lasting approximately 15 hours) and also to pick up additional shifts. During workweeks that she was required by Defendants to work longer shifts and/or additional shifts, Plaintiff worked approximately 42-45 hours in total.

27.     Like Plaintiff, FLSA Collective Plaintiffs and Class Members worked weeks that exceeded 40 hours in duration.

28.     Plaintiff's straight time base hourly pay rate from the start of her employment with Defendants in approximately June 2017 was $14.76 per hour. Since June 2017, Plaintiff's straight time hourly pay rate has increased on three occasions by approximately 25 cents per hour each time. Plaintiff's current regular pay rate is $15.53 per hour.

29.     At all relevant times, Plaintiff has been required to clock out for one hour during each work shift, based on a purported "meal break". Plaintiff is not compensated for the time that

she is clocked out. However, throughout her employment period, despite being required to clock out each day for an hour based on a purported meal period, Plaintiff has never actually been permitted by Defendants to take a free and clear meal break.

30. At all relevant times, Defendants have maintained a policy of not permitting Plaintiff or other non-exempt employees to leave the Group Homes at all during their work shifts (other than to transport developmentally disabled residents, upon the express instructions of management), not even while clocked out for a meal break. Rather, while clocked out for meal breaks, pursuant to Defendants' instructions, Plaintiff has been required to remain on call at the Group Home. During the purported meal breaks, Defendants require Plaintiff to perform unpaid work, including monitoring and attending to the needs of the developmentally disabled residents of the Group Home. Due to Defendants' policy of requiring her to perform work without compensation while clocked out, Plaintiff has suffered between 3-5 uncompensated regular and/or overtime working hours each week during her employment period.

31. Like Plaintiff, FLSA Collective Plaintiffs and Class Members were required by Defendants to clock out for uncompensated, hour-long mid-shift meal breaks each workday, but never actually received free and clear meal breaks. Like Plaintiff, while they were off-the-clock for purported meal breaks, FLSA Collective Plaintiffs and Class Members were required by Defendants to remain at Defendants' Group Homes and to monitor and attend to the needs of developmentally disabled residents. As a result of Defendants' commonly applicable policy of requiring FLSA Collective Plaintiffs and Class Members to perform off-the-clock work without compensation, FLSA Collective Plaintiffs and Class Members suffered at least 3 unpaid regular and/or overtime working hours each workweek.

32. Defendants never provided Plaintiff with proper wage-and-hour notices, upon her

11

hiring, or upon any change to the information on the notice, in violation of the NYLL. Plaintiff was not provided a new wage-and-hour notice upon every change in pay rate as the NYLL requires. Further, the wage-and-hour notices Plaintiff was provided inaccurately stated Plaintiff's pay rates and were missing other required information. Similarly, Class Members were not provided with wage-and-hour notices upon each change in pay rate. Like Plaintiff, to the extent Class Members did receive wage and hour notices, such notices were deficient, as they did not accurately state rates of pay and were missing other required information.

33. At no time during the relevant time periods did Defendants provide Plaintiff or Class Members with proper wage statements, as required by the NYLL. At all relevant times Plaintiff and Class Members received fraudulent wage statements that did not accurately reflect the hours that they worked, as Defendants failed to accurately maintain such records.

34. Defendants unlawfully failed to pay Plaintiff, FLSA Collective Plaintiffs, and Class Members either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) for all hours they worked in excess of forty (40) each workweek. Due to Defendants' requirement that Plaintiff, FLSA Collective Plaintiffs, and Class Members work off-the-clock without pay during purported meal breaks, Plaintiff, FLSA Collective Plaintiffs, and Class Members were deprived of regular wages and overtime premium owed for such work.

35. At no time during the relevant time periods did Defendants provide Plaintiff or Class members with wage notices or proper wage statements as required by NYLL.

36. Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and Class members, in this litigation and have agreed to pay the firm a reasonable fee for its services.

## **STATEMENT OF CLAIM**

### **COUNT I**

### **VIOLATION OF THE FAIR LABOR STANDARDS ACT ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS**

37. Plaintiff realleges and reavers Paragraphs 1 through 36 of this class and collective action Complaint as if fully set forth herein.

38. At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

39. At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40. At all relevant times, Defendant BIRCH FAMILY SERVICES, INC. had gross annual revenues in excess of $500,000.00. Further, at all relevant times, BIRCH FAMILY SERVICES, INC. provided medical and nursing care to residents of the Group Homes. Because FLSA explicitly subjects organizations that provide medical and nursing care to its coverage irrespective of gross annual revenue, there is enterprise coverage for Defendant regardless of whether the gross annual revenue threshold of $500,000 is met.

41. At all relevant times, the Defendants engaged in a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and FLSA Collective Plaintiffs for working hours worked in excess of forty (40) hours per workweek.

42. At all relevant times, the Defendants engaged in a policy and practice of requiring Plaintiff and FLSA Collective Plaintiffs to work off-the-clock without compensation, resulting in unpaid regular wages and overtime premium.

43. Plaintiff is in possession of certain records concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs. Further records concerning these matters should be in the possession and custody of the Defendants. Plaintiff intends to obtain all records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

44. Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e., double) damages pursuant to the FLSA.

46. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid regular and overtime wages, and an equal amount as liquidated damages.

47. Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II

## VIOLATION OF THE NEW YORK LABOR LAW ON BEHALF OF PLAINTIFFS AND CLASS MEMBERS

48. Plaintiff realleges and reavers Paragraphs 1 through 47 of this class and collective action Complaint as if fully set forth herein.

49. At all relevant times, Plaintiff and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

14

50. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them compensation at their regular pay rates for all hours worked, due to Defendants' requirement that Plaintiff and Class Members work off-the-clock without compensation.

51. Defendants willfully violated Plaintiff's and Class members' rights by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours each workweek, due to Defendants' requirement that Plaintiff and Class Members work overtime hours off-the-clock without compensation.

52. Defendants failed to properly notify employees of their hourly pay rate and overtime rate, in direct violation of the New York Labor Law.

53. Defendants failed to provide a proper wage and hour notice upon changes in information on the notice to all Plaintiff and Class Members per requirements of the New York Labor Law.

54. Defendants failed to provide proper wage statements with every payment of wages as required by New York Lab. Law § 195(3).

55. Due to the Defendants' New York Labor Law violations, Plaintiff and Class members are entitled to recover from Defendants their unpaid regular and overtime wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on behalf of himself, FLSA Collective Plaintiffs and Class members, respectfully request that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful

under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of damages to Plaintiff, retroactive to the date of his discharge and prior, for all lost wages and benefits, past and future, back and front pay, resulting from Defendants' unlawful employment practices and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

d. An award of unpaid regular compensation due under the FLSA and the New York Labor Law;

e. An award of unpaid overtime premium due under the FLSA and the New York Labor Law;

f. An award of statutory penalties as a result of Defendants' failure to comply with New York Labor Law wage notice and wage statement requirements;

g. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime wages, pursuant to 29 U.S.C. § 216;

h. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay regular and overtime wages pursuant to the New York Labor Law;

i. Law;

j. An award of prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

k. Designation of Plaintiff as Representative of the FLSA Collective Plaintiffs;

l. Designation of this action as a class action pursuant to F.R.C.P. 23;

m. Designation of Plaintiff as Representative of Class; and

n. Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury on all issues so triable as of right by jury.

Dated: November 26, 2018

>Respectfully submitted,
>
>LEE LITIGATION GROUP, PLLC
>C.K. Lee (CL 4086)
>Anne Seelig (AS 3976)
>Taimur Alamgir (TA 9007)
>30 East 39th Street, Second Floor
>New York, NY 10016
>Tel.: 212-465-1188
>Fax: 212-465-1181
>*Attorneys for Plaintiff, FLSA Collective Plaintiffs and the Class*
>
>By: */s/ C.K. Lee*
>　　 C.K. Lee (CL 4086)