**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

MICHELLE SNAGG,
on behalf of herself,
*FLSA Collective Plaintiffs and the Class,*

                    **Plaintiff,**                    **Case No.:** 18-cv-6723 (DLI) (VMS)

          **-against-**

BIRCH FAMILY SERVICES, INC.
and MATTHEW STURIALE,

                    **Defendants.**

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS

**LEE LITIGATION GROUP, PLLC**
C. K. Lee, Esq. (CL 4086)
Taimur Alamgir, Esq. (TA 9007)
148 West 24th Street, 8th Floor
New York, New York 10011
Tel: (212) 465-1124
Fax: (212) 465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs and the Class*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES………………………………..………………………….…iii

LEGAL STANDARD ...........................................................................................................1

STANDARD OF REVIEW FOR MOTIONS TO DISMISS FOR FAILURE TO STATE A
CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FED. R. CIV. P. 12(b)(6) ..... 1

ARGUMENT..........................................................................................................................2

I.   THE MWO DOES NOT LIMIT SPREAD OF HOURS ELIGIBILITY TO ONLY
THOSE EMPLOYEES COMPENSATED AT THE MINIMUM WAGE ................................... 4

   A.   The Plain Text Of The MWO Does Not Limit The Employees Entitled To Spread-Of-
   Hours Premium Based On Their Compensation Level ...................................................... 4

   B.   Current, Universally-Applicable NYSDOL Guidance On Spread of Hours Contradicts
   The Opinion Letter's Position……………………………………………………………...7

II.   EVEN IF THE COURT ADOPTS THE MAJORITY CONSTRUCTION OF THE
SPREAD OF HOURS REQUIREMENT, PLAINTIFF STILL ADEQUATELY PLEADS A
SPREAD OF HOURS CLAIM............................................................................................... 10

   A.   Relevant Allegations In The First Amended Complaint ..................................... 11

   B.   The FAC Adequately Pleads A Claim For Unpaid Spread of Hours During 2018 ........ 13

   C.   The FAC Adequately Pleads A Claim For Unpaid Spread of Hours During 2019 ........ 16

## TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*
556 U.S. 662 (2009).................................................................................................1

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007).............................................................................................1,2

*Sheppard v. Beerman,*
18 F.3d 147 (2d Cir. 1994) ...................................................................................2

*Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College,*
835 F.2d 980 (2d Cir. 1987) ................................................................................2

*Yang v. ACBL Corp.,*
427 F. Supp. 2d 327 (S.D.N.Y. 2005) ..................................................................4

*Pichardo v. Hoyt Transp. Corp*.,
2018 U.S. Dist. LEXIS 16915 (E.D.N.Y. Jan. 31, 2018), .....................................6

*Ho v. Target Constr. Of NY, Corp.,*
2011 U.S. Dist LEXIS 33365 (E.D.N.Y. 2011).....................................................6

*Cuzco v. Orion Builders, Inc.,*
2010 U.S. Dist. LEXIS 51622 (S.D.N.Y. 2010) ...................................................6

*Said v. SBS Electronics, Inc.,*
2010 U.S. Dist. LEXIS 32316 (E.D.N.Y. 2010) ...................................................6

*Santillan v. Henao,*
822 F. Supp. 2d 284 (E.D.N.Y. 2011) ..................................................................6

*Ellis v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC,*
2012 U.S. Dist. LEXIS 40288 (E.D.N.Y. Mar. 23, 2012)…………………………… 7, 16

*New York v. Shalala,*
96 Civ. 1330 (JFK), 1996 U.S. Dist. LEXIS 2261 (S.D.N.Y. Feb. 28, 1996)..................9

*Marin v. Apple Metro, Inc.*
*No. 12 CV 5274 (ENV) (CLP), 2017 U.S. Dist. LEXIS 165568 (E.D.N.Y. Oct. 4, 2017)*.................9

*Heng Chan v. Triple 8 Palace, Inc.,*
2006 U.S. Dist. LEXIS 15780 (S.D.N.Y. Mar. 30, 2006) ...............................................15

*N. Y. Taxi Workers All. v. Uber Techs., Inc.,*

2017 U.S. Dist. LEXIS 145064 (S.D.N.Y. Sep. 6, 2017)...................................................................15

*Jenkins v. Hanac, Inc.,*
493 F. Supp. 2d 556, 558 (E.D.N.Y. 2007)) ......................................................................................16

Plaintiff, Michelle Snagg, by and through her counsel, Lee Litigation Group, PLLC, respectfully submits this Memorandum of Law in Opposition to the Partial Motion to Dismiss filed on May 24, 2019 by Defendants, Birch Family Services, Inc. and Matthew Sturiale.

For the reasons set forth below, Defendants' motion should be denied to the extent that it seeks dismissal of claims asserted in the First Amended Complaint ("FAC") under the New York Labor Law ("NYLL") for recovery of unpaid spread-of hours premium. [1]

## LEGAL STANDARD

### STANDARD OF REVIEW FOR MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER FED. R. CIV. P. 12(b)(6)

Defendants' motion is based on Fed R. Civ. P. 12(b)(6), which provides that a complaint may be dismissed based on a "failure to state claim upon which relief may be granted." The Supreme Court has held that to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009*) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007*))*. A claim has facial plausibility "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Under this standard, all a complaint must contain to survive a motion to dismiss a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly, 550 U.S. at 555.*

---

[1] Plaintiff agrees not to pursue any claim of non-overtime wages under the Fair Labor Standards Act ("FLSA") based on uncompensated "gap-time" (i.e., uncompensated working time during a week where less than 40 hours were worked), thereby mooting the second prong of Defendants' motion. However, Plaintiff reserves the right to pursue recovery of unpaid regular wages, including those based on "gap time", on her own behalf and on behalf of a putative Rule 23 class under the NYLL. Unlike the FLSA, the NYLL allows recovery on the basis of "gap time" claims. *See, e.g.*, *Cromwell v. N.Y.C. Health & Hosps. Corp.*, 983 F. Supp. 2d 269, 271 (S.D.N.Y. 2013) (holding that, unlike the FLSA, the NYLL provides a right to recover damages on the basis of unpaid "gap-time").

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept the allegations contained in the complaint as true,  and draw all reasonable inferences in favor of the non-movant." *Sheppard v. Beerman, 18* F.3d 147, 150 (2d Cir. 1994) (citing Ad-Hoc Comm. of *Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch College,* 835 F.2d 980, 982 (2d Cir. 1987)). "[A] motion to dismiss should be granted only if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief.*" In re Initial Pub. Offering Sec. Litig*., 383 F. Supp. 2d 566, 573-74 (S.D.N.Y. 2005)

## ARGUMENT

The obligation to pay spread-of-hours premium to employees arises under the 12 N.Y.C.R.R. § 142-2.4 of the Minimum Wage Order for Miscellaneous Industries and Occupations, (the "MWO"), § 142-2.4 provides that "[o]n each day on which the spread of hours exceeds [ten], an employee shall receive one additional hour of pay at the basic minimum hourly wage rate in addition to the minimum wage required in this Part." Spread of hours is defined as "the length of the interval between the beginning and end of an employee's workday" and "includes working time plus time off for meals plus intervals off duty." 12 N.Y.C.R.R. § 142-2.08 (emphasis added). Under the MWO, employees who work shifts exceeding ten (10) hours in length are entitled to spread of hours compensation **in addition to** regular and overtime wages that they earn.

Defendants argue that, under the MWO, an employee is entitled to spread of hours premium **only** if his or her compensation is **at** the minimum wage rate. Defendants further contend that, because the First Amended Complaint alleges that during Plaintiff's employment period, for those working hours she received compensation, the rates Plaintiff was paid at were slightly in excess of the applicable New York State minimum wage, her spread-of-hours claim fails as a matter of law. This reasoning misses the mark, as it disregards what the law actually is and what the FAC actually alleges.

2

Defendants assert in their motion papers that only those employees paid at the minimum wage are eligible for spread-of-hour premium payments, based on their interpretation of a New York State Department of Labor ("NYSDOL") opinion letter entitled "Definition of 'Spread-of-Hours', issued more than 13 years ago (the "Opinion Letter") and on case law hewing to the reasoning of the Opinion Letter. However, the Opinion Letter (which is annexed at **EXHIBIT A** hereto) interprets § 142-2.4 incorrectly. Moreover, recently-issued NYSDOL guidance that contradicts the Opinion Letter indicates that its' conclusions have been abandoned by the NYSDOL in favor of a less rigid spread of hours rule, under which entitlement to spread of hours is not conditional on being paid at the minimum wage. The Court need not and should not defer to the Opinion Letter's 13-year old interpretation of § 142-2.4, given that such interpretation is no longer followed by the NYSDOL itself. Indeed, deference is owed to the NYSDOL's current, more inclusive view of eligibility for spread of hours.

Even assuming *arguendo* that the majority rule advocated by Defendants is adopted, Defendants' position is still unavailing. Under the majority rule, spread of hours premium must be paid to any employee who earns **less than the hourly minimum wage for all hours worked each day plus one additional hour at the minimum wage**.

As explained below, the allegations in the First Amended Complaint support the inference Plaintiff's compensation was (at least, for portion of her employment period) either below the applicable New York State minimum wage rate, or insufficiently above the applicable minimum wage to remove Defendants' obligation to pay her spread-of-hours premium. Accordingly, her spread of hours claim should survive Defendants' motion.

3

## I.     THE MWO DOES NOT LIMIT SPREAD OF HOURS ELIGIBILITY TO ONLY THOSE EMPLOYEES COMPENSATED AT THE NEW YORK STATE MINIMUM WAGE

In relevant part, § 142-2.4 provides that: "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day…" Nothing in the wording of this provision expressly restricts the applicability of spread-of-hours premium to just those employees compensated at the applicable New York State minimum wage. *See, e.g., Yang v. ACBL Corp.,* 427 F. Supp. 2d 327, 340 (S.D.N.Y. 2005) ("Defendants do not offer any argument that the regulation's language itself dictates this exception, and the Court sees none.").

The Opinion Letter and courts following the conclusion reached there have interpreted § 142-2.4 to limit the obligation to pay spread-of-hours premium as follows:

> [T]he spread of hours regulation does not require all employees to be paid for an additional hour, but merely that the total wages paid [to each employee] be equal to or greater than the total due for all hours plus one additional hour at the minimum wage.
>
> **EXHIBIT A**, Opinion Letter.

Deference to the Opinion Letter's interpretation of spread of hours is not warranted because, in addition to misreading § 142-2.4, the Opinion Letter is at odds with and superseded by current and generally applicable NYSDOL guidance.

### A. The Plain Text Of The MWO Does Not Limit The Employees Entitled To Spread-Of-Hours Premium Based On Their Compensation Level

12 N.Y.C.R.R. § 142-2.4 mentions the minimum wage twice, and some courts have taken this to support an interpretation of the regulation that limits spread of hours to employees paid at the minimum wage. Defendants urge the Court to follow these cases. However, as discussed below, an

alternative construction that does not read such a restriction into to the text flows more naturally from the language of the regulation.

The regulation's first reference to the minimum wage - "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate" - signifies only that the spread-of-hours payment is equivalent to one additional hour at the minimum wage rate. It does not say that employees earning in excess of the minimum wage rate are not entitled to spread of hours payments.

Likewise, the part of § 142-2.4 that reads "in addition to the minimum wage required in this Part" does not support limiting spread of hours to employees paid at the minimum wage. The language quoted signifies only that spread of hours premium is distinct from wages paid for hours worked, and that spread of hours premium does not relieve employers of the separate obligation to pay employees at least minimum wage for each hour worked.

In promulgating this regulation, had the NYSDOL intended to release employers from the obligation to pay spread-of-hours premium to employees compensated at rates other than the minimum wage, it could have done so explicitly.

In this regard, it bears noting that, in the past decade, the New York state legislature has enacted repeated and dramatic increases in the applicably minimum wage rate (from $7.25 per hour in 2009 to $15.00 per hour in New York City in 2019) and the NYSDOL has modified the MWO accordingly. Nevertheless, the NYSDOL has not taken any action to clarify § 142-2.4 to that spread of hours need only be paid to employees at the minimum wage. The NYSDOL's unwillingness to alter what one court in this District has referred to as "ill-drafted statutory language", *Pichardo v. Hoyt Transp. Corp.*, No. 17-CV-3196 (DLI)(RRM), 2018 U.S. Dist. LEXIS 16915, at *32 (E.D.N.Y. Jan. 31, 2018), despite the escalation of the minimum wage (and, consequently, of the rate at which spread of hours

must be paid) demonstrates intent not to limit spread of hours to employees paid at the minimum wage only.

As Defendants acknowledge, courts in this Circuit are split on the question of whether spread of hours pay must be tendered to all employees or just those paid at the minimum wage. Some courts have (correctly, in Plaintiff's view) declined to interpret the MWO as releasing employers from the obligation to pay spread-of-hours premium to employees who are not paid at the minimum wage. *See* Yang, 427 F. Supp. 2d at 339 (refusing to defer to the Opinion Letter, and holding that spread of hours pay must be paid to employees irrespective of their compensation); *Ho v. Target Constr. Of NY, Corp.*, 2011 U.S. Dist LEXIS 33365, at *48 (E.D.N.Y. 2011) (holding that, because the plaintiff established that he regularly worked for more than ten hours in a single day without additional compensation, even though plaintiff earned hourly wages above the minimum wage, he was entitled to spread of hours compensation); *Cuzco v. Orion Builders, Inc*., 2010 U.S. Dist. LEXIS 51622, at *12 (S.D.N.Y. 2010) (holding that employees who earned between $8.50 per hour and $14.00 per hour were entitled to summary judgment on their claims for spread of hours wages because "there is no dispute that Defendants did not pay [spread of hours wages to their employees]"); *Said v. SBS Electronics, Inc.,* 2010 U.S. Dist. LEXIS 32316 (E.D.N.Y. 2010) (awarding spread-of-hours premium to employees paid in excess of the applicable minimum wage); *Santillan v. Henao*, 822 F. Supp. 2d 284, 296 (E.D.N.Y. 2011) (same).

Admittedly, most courts in this district, including this one, have adopted the more restrictive interpretation of spread of hours provided in the Opinion Letter, in deference to the NYSDOL's construction of § 142-2.4. These cases concluded, essentially, that the interpretation advocated of § 142-2.4 by the NYSDOL in the Opinion Letter was reasonable, and therefore due the usual deference owed to an agency's interpretation of a regulation it is charged with enforcing.

However, as explained in the following section, deference to this interpretation of spread of hours as limited to minimum wage employees is no longer required in view of the NYSDOL's abandonment of that position. Indeed, the NYSDOL's new position coincides with the minority cases cited above.

### B.  Current, Universally-Applicable NYSDOL Guidance On Spread of Hours Contradicts The Opinion Letter's Position

Plaintiff is familiar with *Ellis v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, No. 10-CV-1741 (DLI)(JO), 2012 U.S. Dist. LEXIS 40288 (E.D.N.Y. Mar. 23, 2012), where this Court deferred to the position taken by the NYSDOL in the Opinion Letter and rejected claims of entitlement to spread-of-hours premium asserted by employees who were compensated above the minimum wage rate. This case is distinguishable from *Ellis* because deference to interpretation of spread of hours set forth in the Opinion Letter is no longer warranted in view of an apparent intervening change in the NYSDOL's position. Superseding NYSDOL guidance contradicts the position taken in the Opinion Letter and indicates that the NYSDOL now views **all** non-exempt employees as entitled to spread of hours premium, not just those paid at the minimum wage.

Opinion letters like the one relied upon by Defendants do not necessarily reflect the position of the NYSDOL in perpetuity. The NYSDOL expressly recognizes on its official website that "opinions represent the views of the Department **at the time they were rendered. The opinions may no longer represent those views**. "*See https://www .labor.ny.gov/egal/counsel-opinion-letters.shtm* (emphasis added). It bears noting that the NYSDOL no longer issues opinion letters and that the practice ceased many years ago. Indeed, in recent times, "[t]he Department of Labor has expressly stated that it does not "issue opinions on a case-by-case basis,".

Moreover, opinion letters, as informal pronouncements of what the agency believes the law to be, are not entitled to the same deference as more formally promulgated rules or even official

7

statements. It bears noting that, when the NYSDOL was issuing opinion letters, the letters were not directed to the public generally, but, rather, specifically responded to particular petitions detailing particular circumstances. Opinion letters were not intended as universally applicable guidance, but, rather, as case-specific guidance to a particular petitioner based on the contents of the petition received. A different petition reciting a different fact pattern might have resulted in a different interpretation. It follows that opinion letters are owed less deference than universally applicable statements of agency interpretations. *See, e.g., Marin*, 2017 U.S. Dist. LEXIS at *120 (declining to defer to a senior NYSDOL official's opinion letter and reasoning that "because the Department of Labor does not issue formal opinion letters on a case-by-case basis, this letter cannot be said to represent the position of the Department of Labor, but rather represents [NYSDOL General Counsel Pico] Ben-Amotz's response to an inquiry about a specific case.")

Here, current NYSDOL guidance explicitly intended for public and universal use contradicts the Opinion Letter. At the official NYSDOL website, at a page titled "All Other Industries: Frequently Answered Questions" ("FAQ") (a copy of which is annexed as **EXHIBIT B**),[2] the following question and answer appear:

> Q: Do I have to pay extra to employees who work a split shift or a shift that extends over 10 hours?
>
> **A: Yes. The split shift and spread of hours pay is equal to 1 hour at the MW rate. For each workday that an employee works a split shift or a shift which extends over 10 hours, this "extra" pay is due.**
>
> **EXHIBIT B**, Printout of FAQ Page.

Conspicuously missing from what is quoted above is any language restricting spread of hours eligibility to just those employees paid at the minimum wage. Contrary to the Opinion Letter and

---

[2]Also available at the following URL
*https://www.labor.ny.gov/workerprotection/laborstandards/workprot/MW%20Updates/MW%20Other%20ER%20FAQs. shtm#12* (last accessed on June 8, 2019)

Defendants' position, under this current[3] NYSDOL guidance, **all** employees are entitled to be paid spread of hours premium. The prominent posting of the above question and answer on the NYSDOL's official website indicates that the position espoused in the Opinion Letter for which Defendants advocate has been abandoned.

Defendants' preferred interpretation of spread of hours as available only to employees paid at the minimum wage is no longer entitled deference, in view of its abandonment by the NYSDOL. "Generally, even where an agency's interpretation is inconsistent with its past policy, the **current** interpretation is entitled to the usual deference as long as it is reasonable and not contrary to the plain language of the statute." *New York v. Shalala*, 96 Civ. 1330 (JFK), 1996 U.S. Dist. LEXIS 2261, at *30 (S.D.N.Y. Feb. 28, 1996) (emphasis added).

*Marin v. Apple Metro, Inc.* No. 12 CV 5274 (ENV) (CLP), 2017 U.S. Dist. LEXIS 165568 (E.D.N.Y. Oct. 4, 2017). is particularly instructive on this issue. There, Magistrate Judge Pollak ruled that an NYSDOL opinion letter submitted by the defendants in support of their assertion that oral, rather than written notice of a tip credit was satisfactory did not deserve judicial deference.

*Marin* pointed out that the NYSDOL "has made clear that its opinion letters cease to serve as interpretive guidance if there is subsequent guidance providing otherwise…", *Marin*, 2017 U.S. Dist. LEXIS 165568, at *120 (internal citations and quotation marks omitted), and that "[t]he [NYSDOL]… now provides formal responses to inquiries for opinion requests by including them on its General Counsel's 'Frequently Asked Questions' page." *Id.* In *Marin*, as here, one of the answers on the NYSDOL's FAQ page directly contradicted and superseded the conclusion of the opinion letter relied upon by *Marin* defendants. *See Id.* Judge Pollak correctly found the current, universally guidance in

---

[3] It is clear that this guidance is currently applicable from the fact that 2018 and 2019 minimum wage rates are listed therein.

the FAQ section of the NYSDOL website to supersede the conflicting opinion letter at issue in *Marin* (which, like the Opinion Letter at issue in this case, was issued prior to the guidance on the NYSDOL website and responded to a request regarding a specific lawsuit).

The Court should follow *Marin*. Deference to the NYSDOL's most recent and commonly applicable express position as to spread of hours, as set forth in the online FAQ section – specifically, that spread of hours is owed to employees, irrespective of pay rate - is warranted.

## II.   EVEN IF THE COURT ADOPTS THE MAJORITY CONSTRUCTION OF THE SPREAD OF HOURS REQUIREMENT, PLAINTIFF STILL ADEQUATELY PLEADS A SPREAD OF HOURS CLAIM

Even if the majority rule on spread of hours that Defendants advocate is adopted by the Court, Plaintiff's spread of hours claim is adequately plead to survive this motion

Preliminarily, Defendants misstate the majority rule that they advance. They claim that, the spread of hours "regulation applies **only** to employees paid **at** the New York state minimum wage." Defs' Mem., p. 4 (emphasis added). If Defendants' position were the law, employees paid *under* the New York state minimum wage would not be entitled to receive spread of hours premium. It appears unlikely that the New York state legislature intended to authorize spread of hours payment for employees paid at the minimum wage, but deprive those illegally paid under the minimum wage of spread of hours premium.

The rule, as set forth in the Opinion Letter at **EXHIBIT A**, actually requires (assuming a shift extending over 10 hours, a split shift, or both) that "**the total wages paid [to each employee] be equal to or greater than the total due for all hours plus one additional hour at the minimum wage**." Following this rule, employees with daily compensation beneath this threshold (the minimum wage for all hours worked + one extra hour at the hourly minimum wage) are entitled to spread of hours premium, and employees with daily compensation in excess of the threshold are not.

10

The Opinion Letter provides the following example to illustrate the rule, using the $6.75 minimum wage applicable at that point in time:

> Employee A must be paid a total of at least $81.00, consisting of $74.25 for eleven hours at the minimum wage of $6.75, plus an additional hour at $6.75 for 'spread of hours' pay.
>
> [...]
>
> However, if the employee's regular wages for those eleven hours would be equal to or greater than $81.00, the employer is under no obligation to pay any additional wages. For example, if Employee A is normally paid $7.50 per hour, no payment above his regular pay is required as his regular wages for a spread of twelve hours of work, less one hour of meal breaks, would be $82.50, an amount greater than pay for the same time at minimum wage plus one hour of "spread of hours" wages...

As shown below, under this reasoning, Plaintiff adequately pleads a spread of hours claim for at least 2018 and 2019.

### A. Relevant Allegations In The First Amended Complaint

"[A] motion to dismiss should be granted only if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim[s] which would entitle [them] to relief." *In re Initial Pub. Offering Sec. Litig.*, 383 F. Supp. 2d 566, 573-74 (S.D.N.Y. 2005). The allegations in the First Amended Complaint (Dkt. No. 24) reproduced below are adequate to support an unpaid spread of hours claim during 2018 and 2019.

> 26. Throughout her employment period [from 2017 until the present], Plaintiff has worked at least 3 shifts per week, each lasting approximately 9-10 hours, for a

11

total of approximately 27-30 total working hours per week. In addition, during her

employment period, Defendants have, on an as needed basis, required Plaintiff to

work longer shifts (lasting approximately 15 hours) and also to pick up additional

shifts…

[…]

28. Plaintiff's straight time base hourly pay rate from the start of her employment with

Defendants in approximately June 2017 was $14.76 per hour. Since June 2017,

Plaintiff's straight time hourly pay rate has increased on three occasions by

approximately 25 cents per hour each time. Plaintiff's current regular pay rate is

$15.53 per hour.

29. Plaintiff and Class members are entitled to "spread of hours" premium under the

Minimum Wage Order for Miscellaneous Industries and Occupations. Throughout

Plaintiff's employment, she was frequently required to work shifts exceeding 10

hours in duration. However, Defendants failed to pay her spread-of-hours premium

for her shifts that exceeded 10 hours in duration. Defendants failed to pay Plaintiff

spread-of-hours premium for approximately 1 day per week in 2017 and for

approximately 1 day once every 2-3 weeks since. Likewise, Defendants failed to

pay Class Members spread of hours premium for shifts exceeding 10 hours in

duration, in violation of the NYLL.

30. At all relevant times, Plaintiff has been required to clock out for one hour during

each work shift, based on a purported "meal break". Plaintiff is not compensated

for the time that she is clocked out. However, throughout her employment period,

despite being required to clock out each day for an hour based on a purported meal

12

period, Plaintiff has never actually been permitted by Defendants to take a free and clear meal break.

31. At all relevant times, Defendants have maintained a policy of not permitting Plaintiff… to leave the Group Homes at all during their work shifts (other than to transport developmentally disabled residents, upon the express instructions of management), not even while clocked out for a meal break. Rather, while clocked out for meal breaks, pursuant to Defendants' instructions, Plaintiff has been required to remain on call at the Group Home. During the purported meal breaks, Defendants require Plaintiff to perform unpaid work, including monitoring and attending to the needs of the developmentally disabled residents of the Group Home. Due to Defendants' policy of requiring her to perform work without compensation while clocked out, Plaintiff has suffered between 3-5 uncompensated regular and/or overtime working hours each week during her employment period.

These allegations are enough for Plaintiff's spread of hours claim to be viable, at least during 2018 and 2019.

**B.  The FAC Adequately Pleads A Claim For Unpaid Spread of Hours During 2018**

The minimum wage during 2018 was $13.50. During 2018, consistent with ¶ 28 of the FAC, Plaintiff was compensated at a base hourly pay rate of approximately $15.01 per hour for approximately half the year.

The following hypothetical is consistent with the allegations in the FAC. It shows beyond any doubt that Plaintiff may maintain a claim for unpaid spread of hours premium during 2018.

Assume that, consistent with the allegations at ¶ 26 and ¶ ¶ 30-31 of the FAC, that, on a date in 2018, Plaintiff worked a shift starting lasting 10.5 hours. Further assume, consistent with the allegations at ¶ ¶ 30-31 of the FAC, that Plaintiff was forced to perform off-the-clock work for an hour during that shift, for which she did not receive any compensation. Thus, in this scenario, Plaintiff would work 10.5 hours but would be paid at her regular pay rate for only 9.5 of those hours.

For this hypothetical shift, Plaintiff would receive $15.01 per hour for 9.5 **on-the-clock** working hours, for a total of **$142.60**.

Under the rule set forth in the Opinion Letter, Plaintiff is entitled to spread of hours premium if, on any day that her shifts exceeds ten (10) hours, she earns an amount less than the minimum wage for all hours worked, plus one extra hour at the hourly minimum wage. Proceeding with the hypothetical, the level of compensation beneath which Plaintiff would be entitled to a spread of hours payment is **$155.25** ($13.50 per hour for 10.5 total working hours, plus one additional hour at the rate of $13.50).

Because Plaintiff's compensation of $142.60 for the above-described shift would be below the $155.25 spread of hours threshold, Plaintiff would be entitled to a spread of hours premium payment for this day.

The factual scenario described above is consistent with the allegations in the FAC. Therefore, because a plausible set of facts under which Plaintiff is entitled to spread of hours premium exists, there is no basis for dismissal of Plaintiff's unpaid spread of hours claim during 2018.

Plaintiff's average hourly pay rate in the above described scenario - $142.60 over 10.5 total working hours (including 9.5 paid, on-the-clock hours and 1 unpaid, off-the-clock hour) – would come out to $13.58 per hour, marginally above the applicably hourly minimum wage. Contrary to Defendants' position, it does not follow that Plaintiff is not entitled to spread of hours premium.

14

Because, under this scenario, notwithstanding being paid at an average hourly rate above the minimum wage, Plaintiff would earn an amount less than the minimum wage for all hours worked, plus one extra hour at the hourly minimum wage, she would still be entitled to spread of hours pay.

The applicability of spread of hours here is consistent with the Opinion Letter and precedent holding that "[t]he plain text of § 142-2.4 ensures an additional wage only 'in addition to the *minimum* wage' required under New York law. It is therefore to be expected that the provision will not affect workers whose total weekly compensation is already **sufficiently above the minimum rate**." *Heng Chan v. Triple 8 Palace, Inc.*, 2006 U.S. Dist. LEXIS 15780, at *76-77 (S.D.N.Y. Mar. 30, 2006); *see also N. Y. Taxi Workers All. v. Uber Techs., Inc.*, 2017 U.S. Dist. LEXIS 145064, at *4 (S.D.N.Y. Sep. 6, 2017) ("the NYLL's spread-of-hours provision does not affect workers whose total weekly compensation is already **sufficiently above** the minimum rate.") (internal quotation marks omitted); *Jenkins v. Hanac, Inc.*, 493 F. Supp. 2d 556, 558 (E.D.N.Y. 2007) ("the regulation does not ensure additional compensation to employees whose wages **sufficiently exceed the minimum wage floor**") (internal quotation marks omitted, emphasis added). Under the above scenario, while Plaintiff's average hourly compensation exceeded the minimum wage, it was insufficiently above the minimum wage floor for Defendants to avoid the obligation to pay spread of hours compensation.

Moreover, Plaintiff's entitlement to spread of hours here is consistent with this Court's decision in *Ellis v. Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, No. 10-CV-1741 (DLI)(JO), 2012 U.S. Dist. LEXIS 40288 (E.D.N.Y. Mar. 23, 2012). In *Ellis*, this Court rejected the plaintiff's argument that employees earning "some indeterminate amount slightly above the minimum wage" should be paid spread of hours premium. *Ellis*, 2012 U.S. Dist. LEXIS 40288, at *24. This case is distinguishable because (for purposes of this section) Plaintiff does not argue for an entitlement to spread of hours for employees earning up to some arbitrary, indeterminate level. Rather, consistent

15

with the other cases cited above, for any given day, only those employees earning an amount less than **the minimum wage for all hours worked plus one extra hour at the hourly minimum wage** are entitled to spread of hours.

### C.   The FAC Adequately Pleads A Claim For Unpaid Spread of Hours During 2019

The minimum wage during 2019 is $15.00. During 2019, consistent with ¶ 28 of the FAC, Plaintiff was compensated at a base hourly pay rate of $15.53 per hour for approximately half the year.

The following hypothetical is consistent with the allegations in the FAC and shows that Plaintiff may maintain a claim for unpaid spread of hours premium during 2019.

As in the prior section, assume, consistent with the allegations at ¶ 26 and ¶ ¶ 30-31 of the FAC, that, on a date in 2019, Plaintiff worked a shift starting lasting 10.5 hours. Further assume, consistent with the allegations at ¶ ¶ 30-31 of the FAC, that Plaintiff was forced to perform off-the-clock work for an hour during that shift, for which she did not receive any compensation. Thus, in this scenario, Plaintiff would work 10.5 hours, but would be paid at her regular pay rate for only 9.5 of those hours.

For this hypothetical shift, Plaintiff would receive $15.53 per hour for the 9.5 **on-the-clock** working hours she worked, for a total of **$147.54**.

Under the rule set forth in the Opinion Letter, Plaintiff is entitled to spread of hours premium if, on any day that her shifts exceeds ten (10) hours, she earns an amount less than the minimum wage for all hours worked, plus one extra hour at the hourly minimum wage. The level of compensation beneath which Plaintiff is entitled to a spread of hours payment is **$172.50** – $15.00 per hour for 10.5 total working hours, plus one additional hour at $15.00 per hour.

16

Because Plaintiff's compensation of $147.54 for the above described shift was below the $172.50 spread of hours threshold, Plaintiff would be entitled to a spread of hours premium payment for this day.

Thus, as the scenario described above relies on assumed facts that are consistent with the allegations in the FAC, there is no basis for dismissal of Plaintiff's unpaid spread of hours claim during 2019. Because a plausible set of facts under which Plaintiff is entitled to spread of hours premium exists, there is no basis for dismissal of Plaintiff's unpaid spread of hours claim during 2019.

Finally, Plaintiff's average hourly pay rate in the above described scenario - $147.54 over 10.5 total working hours (including 9.5 paid, on-the-clock hours and 1 unpaid, off-the-clock hour) – would come out to $14.05 per hour, well below the applicable hourly minimum wage. Contrary to Defendants' position, there is no good-faith basis for excluding employees earning at hourly rates **under** the minimum wage from spread of hours premium.

*     *     *

For the foregoing reasons, Defendants' motion should be denied inasmuch as dismissal of Plaintiff's spread of  hours claim is sought. However, if the Court grants Defendants' motion for dismissal of Plaintiff's spread of hours claim, Plaintiff respectfully requests leave to replead.

Dated: New York, New York        Respectfully submitted,
       June 14, 2019

**LEE LITIGATION GROUP, PLLC**

By: */s/ Taimur Alamgir*

C. K. Lee, Esq. (CL 4086)
Taimur Alamgir, Esq. (TA 9007)
148 West 24th Street, 8th Floor
New York, New York 10011
Tel: (212) 465-1124
Fax: (212) 465-1181

*Attorneys for Plaintiff, FLSA Collective*
*Plaintiffs and the Class*