# EXHIBIT A

Case 1:18-cv-06723-VMS   Document 38-1   Filed 06/14/19   Page 2 of 10 PageID #: 362
Case 1:18-cv-06723-DLI-VMS   Document 31-1   Filed 05/24/19   Page 2 of 5 PageID #: 303
Case 1:18-cv-01017-LDH-RLM   Document 19-1   Filed 09/10/18   Page 1 of 4 PageID #: 57

06/28/2006 17:18   NYS LABOR/COUNSELS OFFICE → *9912125095717

**NYS Department of Labor**
**Workforce New York**
Put us to work for you

George E. Pataki, Governor

Linda Angello, Commissioner

April 12, 2006

Jennifer Shatagin
Sr. Payroll Coordinator
Bruegger's Enterprises, Inc.
P.O. Box 1082
Burlington, Vermont 05402-1082

         Re:  Definition of "Spread of Hours"
         File Number: RO-06-0027

Dear Ms. Shatagin:

    I have been asked to respond to your March 27, 2006, letter in which you request an interpretation of the term "spread of hours" as used in various New York State regulations. Enclosed please find copies of all New York State regulations referred to in this letter.

    Regulation 12 NYCRR §142-2.4(a) states that "(a)n employee shall receive one hour's pay at the minimum hourly wage rate, in addition to the minimum wage required by this part for any day in which: (a) the spread of hours exceeds 10 hours . . ." Regulation 12 NYCRR §142-2.18 defines "spread of hours" as "the interval between the beginning and end of an employee's workday. The spread of hours includes working time plus time off for meals plus intervals off duty."

    For an interpretation of the phrase "time off for meals plus intervals off duty," please note that New York State's requirements for meal breaks are set forth in §162 of the Labor Law, a copy of which is enclosed. Please also note that the United States Department of Labor, under the Fair Labor Standards Act, 29 CFR §785.18, states that "Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on call time."

    With these statutes and regulations in mind, take as an example Employee A, who works from 8:00 a.m. to 8:00 p.m. In compliance with Labor Law §162(2), Employee A is given, on that day, a half hour lunch break from noon to 12:30 pm. In compliance with Labor Law §162(3) he is also given a half hour supper break from 5:30 p.m. to 6:00 p.m. Employee A is also given two fifteen minute rest breaks, one at 10:00 a.m. and one at 3:00 p.m.

    In this example, Employee A has worked a twelve hour "spread of hours," in which he has eleven hours of working time. The "interval between the beginning and end of (his) workday" was 8:00 a.m. to 8:00 p.m. This spread of hours, according to Regulation 12 NYCRR §142-2.18, must include "working time plus time off for meals plus intervals off duty," i.e. the hours worked plus the two half hour meal breaks and the two fifteen minute rest breaks. Please

Phone: (518) 457-4380  Fax: (518) 485-1819
W. Averell Harriman State Office Campus, Bldg. 12, Room 509, Albany, NY 12240

www.labor.state.ny.us

bcejls@labor.state.ny.us

Case 1:18-cv-06723-VMS Document 38-1 Filed 06/14/19 Page 3 of 10 PageID #: 363
Case 1:18-cv-06723-DLI-VMS Document 31-1 Filed 05/24/19 Page 3 of 5 PageID #: 304
Case 1:18-cv-05017-LDH-RLM Document 19-1 Filed 09/10/18 Page 2 of 4 PageID #: 58
06/25/2002 NYS LABOR/COUNSELS OFFICE → +99121250...

note that while the meal breaks are included as part of the spread of hours calculation, there is no requirement in law that the employee be paid for such hours.

Under these circumstances, Employee A must be paid a total of at least $81.00, consisting of $74.25 for eleven hours at the minimum wage of $6.75, plus an additional one hour at $6.75 for "spread of hours" pay. (Please note that this example assumes that Employee A does not work more than 40 hours in the week in question and, therefore, is not entitled to overtime for any of the hours worked that day as per the Fair Labor Standards Act) (see 29 USCA §207(a)(1)).

It is important to note that the "spread of hours" regulation does not require all employees to be paid for an additional hour, but merely that the total wages paid be equal to or greater than the total due for all hours at the minimum wage plus one additional hour at the minimum wage. All employees working a spread of twelve hours who have eleven hours of working time must, therefore, receive at least $81.00. However, if the employee's regular wages for those eleven hours would be equal to or greater than $81.00, the employer is under no obligation to pay any additional wages. For example, if Employee A is normally paid $7.50 per hour, no payment above his regular pay is required as his regular wages for a spread of twelve hours of work, less one hour of meal breaks, would be $82.50, an amount greater than pay for the same time at minimum wage plus one hour of "spread of hours" wages. If, however, Employee A is normally paid $7.00 per hour he would be entitled to an additional $4.00 above his regular wages (eleven hours @ $7.00 per hour + $4.00 = $81.00).

Although you state that "our current payroll system cannot electronically monitor hours worked on a daily basis," please be advised that regulation 12 NYCRR §142-2.6(a)(4) states that "(e)very employer shall establish, maintain and preserve for not less than six years, weekly payroll records which shall show for each employee: . . . the number of hours worked *daily* and weekly, *including the time of arrival and departure of each employee working a split shift or spread of hours exceeding 10*" (emphasis added). To the extent, therefore, that your current record keeping system does not permit you to record the hours worked daily by each employee, or the arrival and departure time of each employee working a spread of hours, such record keeping system does not enable you to comply with New York State Law.

The "spread of hours" regulation applies to all employees as defined in 12 NYCRR §142-2.14 no matter what their rate or manner of pay (except for those persons exempted from the definition of "employee" as set forth in that regulation.)

Unfortunately, this office cannot advise you as to whether "time sheets need to be reviewed manually to follow this law" or as to the "options" that you may have. The Department of Labor's Counsel's Office can only provide the Commissioner of Labor's interpretation of law as set forth above. This office cannot provide you with legal advice, or instruct you in how you may comply with the law given any special circumstances of your business. You may, however, contact your local Division of Labor Standards office for an evaluation of your current procedures and suggestions for bringing such procedures into compliance with State and federal law (*see* enclosed pamphlet). In the alternative, you may consult private counsel of your choice for such advice.

Case 1:18-cv-06723-VMS   Document 38-1   Filed 06/14/19   Page 4 of 10 PageID #: 364
Case 1:18-cv-06723-DLI-VMS   Document 31-1   Filed 05/24/19   Page 4 of 5 PageID #: 305
06/29/2006 14:03   NYS LABOR COUNSELS OFFICE   Case 1:18-cv-04017-NGH   Document 19-1   Filed 09/10/18   Page 3 of 4 PageID #: 59

Please note that the *Yang v. ACBL* case referred to in your letter has been cast into doubt by a later case from the same court. In *Yang*, a Judge of the U.S. District Court, Southern District of New York ruled in that case, on December 5, 2005, that the above described interpretation of the regulations is incorrect. The Judge ruled that this interpretation "would carve out an exception to the spread of hours provision for workers who are properly paid overtime and make more than the minimum wage." The Judge therefore awarded the employees in that case an additional one hour of wages at the minimum wage for each day in which the spread of hours exceeded ten.

On March 30, 2006, a different Judge of the U.S. District Court, Southern District of New York ruled in *Chan v. Triple 8 Palace, Inc.*, 2006 U.S. Dist. Lexis 15780, that the Department of Labor's above described interpretation of 12 NYCRR §142-2.4 "makes sense, since [the regulation] by its own terms is concerned only with ensuring an additional amount above the "*minimum* wage" when certain conditions are met" (emphasis in original). Commenting on the ruling in *Yang*, the Judge in *Chan* stated:

> This Court respectfully disagrees. The plain text of [the regulation] ensures an additional wage only "in addition to the *minimum* wage" required under New York Law ...: It is therefore to be expected that the provision will not affect workers whose total weekly compensation is already sufficiently above the minimum rate. (emphasis in original).

As two judges of the same Court disagree on the proper interpretation of 12 NYCRR §142-2.4, and as the most recent decision from that Court agrees with this Department's interpretation, the Department of Labor will continue its present interpretation unless and until further guidance comes from the U.S. District Court, Southern District of New York or a higher court.

This opinion has been provided on the basis of the facts set forth in your letter of March 27, 2006. A different opinion may result if such facts were not set forth accurately, or if other relevant facts were not provided.

Thank you for your consideration in this matter. If you have any questions, please feel free to contact me.

Very truly yours,

Jeffrey G. Shapiro
Senior Attorney

JGS:
enc.
cc: Richard Cucolo
    Carmine Ruberto

Case 1:18-cv-06723-VMS   Document 38-1   Filed 06/14/19   Page 5 of 10 PageID #: 365
Case 1:18-cv-06723-DLI-VMS   Document 31-1   Filed 05/24/19   Page 5 of 5 PageID #: 306
Case 1:18-cv-01017-LDH-RLM   Document 19-1   Filed 09/10/18   Page 4 of 4 PageID #: 60
06/25/2007   11:16   NYS LABOR MGMT OFFICE → *9312125095717   NO.442

bcc: Jeffrey W. Brecher, Esq., w/o enclosures
William P. Perkins, Esq., w/o enclosures
Lissette Pant, Esq., via facsimile
Opinion File
Jeffrey G. Shapiro, Counsel
CO Dayfile (RO-06-0027)

# EXHIBIT B

- Home (http://www.labor.ny.gov)
- Worker Protection (/workerprotection/wp_index.shtm)
- All Other Industries

**All Other Industries: Frequently Asked Questions**

- Q: Where can I find information on the Minimum Wage for Fast Food Workers?
- Q: What is the New York State Minimum Wage?
- Q: Are future increases in the Minimum Wage expected?
- Q: Are all employees who work in New York State entitled to increases in the Minimum Wage?
- Q: What is the cash wage for tipped employees working in non-hospitality industries, such as nail technicians, or car wash attendants?
- Q: What is the cash wage for tipped employees working in the hospitality industry?
- Q: How does the Sexual Harassment Prevention training time impact the Hospitality Wage Order's 80/20 rule?
- Q: Will there be future increases in the cash wage for Tipped Workers?
- Q: What is the Minimum Wage for Farm employees?
- Q: Will there be future increases in the Minimum Wage for Farm employees?
- Q: What is the Minimum Wage for Building Service employees?
- Q: What are the rates for meals and lodging I provide to my employees?
- Q: Do I have to pay extra to employees who work a split shift or a shift that extends over 10 hours?
- Q: How is the overtime rate determined?
- Q: Do I have to pay more to employees who clean their own uniforms?
- Q: Do I need to provide a new pay notice when there is an increase in the Minimum Wage rate?
- Q: Where can I get more information and posters?

**Q: Where can I find information on the Minimum Wage for Fast Food Workers?**

A: For information on the Minimum Wage for Fast Food Workers, see our Frequently Asked Questions (http://www.labor.ny.gov/workerprotection/laborstandards/workprot/mw%20updates/fast-food-faq.shtm).
|top|

**Q: What is the New York State Minimum Wage?**

A: From 12/31/2018 to 12/30/2019, the general Minimum Wage is $11.10 per hour in *most* of New York State. There are different Minimum Wage rates depending on the geographical region an employee works in, the industry and the size of the employer.
|top|

**Q: Are future increases in the Minimum Wage expected?**

A: Yes. The Minimum Wage rates are scheduled to increase each year on 12/31 until they reach $15.00 per hour.

|top|

**Q: Are all employees who work in New York State entitled to increases in the Minimum Wage?**

A: Almost every person who works in New York State is covered by the Minimum Wage Law and Regulations, and must be paid accordingly.
|top|

**Q: What is the cash wage for tipped employees working in non-hospitality industries, such as nail technicians, or car wash attendants?**

A: For employees such as beauty service workers, or car wash attendants, the cash wage amounts are indicated in the following chart:

| Location | Low Tip Credit* | First 40 hours per week, at least | After 40 hours per week, at least | High Tip Credit* | First 40 hours per week, at least | After 40 hours per week, at least |
|---|---|---|---|---|---|---|
| NYC – Large Employers (11 or more employees) | $2.25/hour | $12.75/hour | $20.25/hour | $3.65/hour | $11.35/hour | $18.85/hour |
| NYC – Small Employers (10 or fewer employees) | $2.05/hour | $11.45/hour | $18.20/hour | $3.30/hour | $10.20/hour | $16.95/hour |
| Long Island and Westchester County | $1.80/hour | $10.20/hour | $16.20/hour | $2.95/hour | $9.05/hour | $15.05/hour |
| Remainder of New York State | $1.65/hour | $9.45/hour | $15.00/hour | $2.70/hour | $8.40/hour | $13.95/hour |

|top|

**Q: What is the cash wage for tipped employees working in the hospitality industry?**

A: For tipped employees in the hospitality industry working in the Remainder of New York State, the cash wage rate is $7.50 per hour. Those working in Long Island/Westchester County, the cash wage rate is $8.00 per hour. And for employees of NYC Large Employers, the cash wage rate is $10.00 per hour; for employees of NYC Small Employers, it is $9.00 per hour.
|top|

**Q: How does the Sexual Harassment Prevention training time impact the Hospitality Wage Order's 80/20 rule?**

A: Sexual Harassment Prevention training should not impact the 80/20 calculation. Training time should be excluded from the 80/20 calculation or added in line with the existing proportion.
|top|

**Q: Will there be future increases in the cash wage for Tipped Workers?**

A: Yes. There will be future increases in the cash wage for tipped employees in all industries. These increases will depend on the industry you work in and your work location.

|top|

### Q: What is the Minimum Wage for Farm employees?

A: The general Minimum Wage rate applies to Farm employees. However, there have not been any increases in allowances for meals and lodging.
|top|

### Q: Will there be future increases in the Minimum Wage for Farm employees?

A: Yes. This rate will increase depending on your work location.
|top|

### Q: What is the Minimum Wage for Building Service employees?

A: The general Minimum Wage rate applies to Building Service employees. See the Summary of Rates (http://labor.ny.gov/formsdocs/wp/Part141.pdf) and Credits for the Building Services Industry for specific unit rates and minimum weekly salary amounts for janitors in residential buildings.
|top|

### Q: What are the rates for meals and lodging I provide to my employees?

A: The rates for meals and lodging are different depending on the Industry. See the Summary of Rates (http://labor.ny.gov/formsdocs/wp/ellsformsandpublications.shtm#Wage_Orders) and Credits for your Industry for details.
|top|

### Q: Do I have to pay extra to employees who work a split shift or a shift that extends over 10 hours?

A: Yes. The split shift and spread of hours pay is equal to 1 hour at the MW rate. For each workday that an employee works a split shift or a shift which extends over 10 hours, this "extra" pay is due.
|top|

### Q: How is the overtime rate determined?

A: The **general** overtime rate of pay is 1½ times an employee's regular rate of pay, with few exceptions. For example: $11 per hour regular rate = $16.50 per hour overtime rate.

For **tipped employees** earning a cash wage less than the Minimum Wage, the overtime rate is always 1½ times the Minimum Wage rate, minus the applicable tip credit. To calculate the overtime pay for a tipped employee who earns $9.45/hr for non-overtime hours, and who works 50 hours per week, you would do the following:

| Regular rate: | | $11.10 per hour |
|---|---|---|
| Overtime rate: | $11.10 x 1.5 = | $16.65 per hour |
| Wage rate for 40 hours: | $11.10 - $1.65 (tip credit) = | $9.45 per hour |
| Wage rate for 10 hours: | $16.65 - $1.65 (tip credit) = | $15.00 per hour |
| Wages due for the workweek: | $9.45 x 40 hours = | $378.00 |
| | $15.00 x 10 hours = | $150.00 |

|  | Total = | $528.00 |
|---|---|---|

|top|

### Q: Do I have to pay more to employees who clean their own uniforms?

A: Yes, you must pay a uniform maintenance rate. This rate depends on the number of hours an employee works per week, and the geographical region an employee works in. See the Industry Summary Rate sheets for details. We also have a guidance document LS 400 (http://www.labor.ny.gov/formsdocs/wp/ls400.pdf) for more information about uniforms and the 'wash and wear' exemption for the Hospitality Industry.

|top|

### Q: Do I need to provide a new pay notice when there is an increase in the Minimum Wage rate?

A: No, as long as the increase is shown on the employee's wage statement (pay stub). However, for employees in the Hospitality Industry, you must provide a new pay notice with every pay rate change.

|top|

### Q: Where can I get more information and posters?

A: For copies of the Industry Wage Orders, Summary of Rate and Credits, and required posters, visit our main web page (/workerprotection/laborstandards/labor_standards.shtm).

You can also send us an email. (https://www.labor.ny.gov/secure/contact/form.asp?subject=18)

To call us, dial 1-888-469-7365.

|top|